## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Joseph H. Yennie; Sheila A. Yennie; Nick J. Novak; Abraham Algadi; Paul Perry; Grant Friese; Jay Strande; Dean Weis; Jayne Krause; Peoples State Bank of Plainview; and City of Pine Island,<br><br>                Defendants. | Case No. 18-cv-3268 (WMW/SER)<br><br>**REPORT AND RECOMMENDATION** |

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Defendant Joseph Yennie's Notice of Motion and Motion for Dismissal, (ECF No. 13), Defendant Sheila Yennie's Notice of Superior Claim and Motion for Dismissal, (ECF No. 18), and Defendant Sheila Yennie's Notice of Superior Claim and Motion for Dismissal, (ECF No. 42). This matter was referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. (ECF No. 21). For the reasons stated below, this Court recommends Defendants' motions be denied.

### I.     BACKGROUND

On November 28, 2018, the United States filed suit seeking to: (1) obtain judgment

on unpaid federal income tax assessments against Joseph[1] and (2) enforce federal tax liens associated with Joseph's outstanding federal tax liabilities that attached to real property located at 841 Balsam Court Northeast, Pine Island, Minnesota ("the Property").[2] (Compl., ECF No. 1). The Government amended its complaint, asserting the same allegations, on December 11, 2018. (Am. Compl., ECF No. 5). The Government asserts Joseph acquired the Property in 2000 by warranty deed and in 2006 transferred a 50% interest in the Property to Sheila via quitclaim deed. (Am. Compl., ¶¶ 29, 31).

On December 28, 2018 Joseph filed a Notice of Motion and Motion for Dismissal, contesting jurisdiction and venue. (ECF No. 13, at 1–2). Joseph asserts he is not a citizen of Minnesota or the United States, and that the IRS is a private corporation and therefore cannot collect taxes from him. (ECF No. 13, at 1–2; ECF No. 14).

On January 2, 2019 Sheila filed a Notice of Superior Claim and a Motion for Dismissal. (ECF No. 18). Sheila asserts she owns the full interest in the Property and thus the IRS cannot enforce Joseph's tax liabilities against the Property. (ECF No. 18, at 1–2). On March 25, 2019, Sheila filed a second Notice of Superior Claim and a Motion for Dismissal, but this time specified she was bringing her motion pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 42). Her arguments mirror her initial motion. (*See* ECF No. 42, at 1–2).

---

[1] Because both defendants share the same last name, the Court refers to Joseph Yennie as Joseph and Sheila Yennie as Sheila.

[2] The Government asserts Joseph has an interest in the Property. The Government also named as defendants other parties that may have interest in the Property, including Joseph's wife, Sheila, who resides at the property with Joseph. Outside of Joseph and Sheila's motions, only Defendant Nick J. Novak, (ECF No. 8), and Defendant Peoples State Bank of Plainview, (ECF No. 16), have responded to the amended complaint to date.

## II.     MOTIONS TO DISMISS

### A.     Joseph's Motion to Dismiss

Joseph contests jurisdiction, venue, and the IRS' authority to sue or collect taxes from him. (ECF No. 13, at 1–2; ECF No. 14). It is unclear whether Joseph filed his motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on subject matter jurisdiction, 12(b)(2) on personal jurisdiction, 12(b)(3) on improper venue, or 12(b)(6) on failure to state a claim; the Court therefore addresses them all. The Court recommends denying Joseph's motion because the Court has both subject matter and personal jurisdiction over Joseph, venue in this district is proper, the Government states a claim upon which relief can be granted, and the Court will not entertain Joseph's sovereign citizen allegations.

In assessing Joseph's *pro se* complaint, the Court applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation and citation omitted); *accord Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). "If the essence of an allegation is discernible," then a court, in applying a liberal construction to *pro se* complaints, "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Despite the liberal construal of such complaints, the *pro se* plaintiff "still must allege sufficient facts to support the claims advanced." *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone*, 364 F.3d 912, 914 (8th Cir. 2004)). Thus, *pro se* litigants "must set a claim forth in a manner which, taking the pleaded facts as true,

3

states a claim as a matter of law." *Stringer*, 446 F.3d at 802 (quoting *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981)).

### 1. Subject Matter Jurisdiction

As courts of limited jurisdiction, federal courts have an independent duty to ensure that they have subject-matter jurisdiction over every case that comes before them and to *sua sponte* dismiss any action over which jurisdiction is lacking. *See Lance v. Coffman*, 549 U.S. 437, 439 (2007); *Reece v. Bank of New York Mellon,* 760 F.3d 771, 774 n.1 (8th Cir. 2014); Fed. R. Civ. P. 12(h)(3). For a federal district court to exercise jurisdiction over a given matter, the action before it must fall within both a statutory grant of jurisdiction and the confines of Article III of the Constitution. *See Finley v. United States*, 490 U.S. 545, 548 (1989) (explaining that "two things are necessary to create jurisdiction"—"[t]he Constitution must have given the court the capacity to take it, and an act of Congress must have supplied it").

Here, there is constitutional and statutory power for the Court to exercise subject matter jurisdiction over this case. Article III extends the Court's power to all cases arising under the laws of the United States. U.S. CONST. art. III, § 2. Under 28 U.S.C. § 1345, the Court has original jurisdiction over all civil actions brought by the United States. Furthermore, under 26 U.S.C. § 7401, the United States may initiate a civil action "for the collection or recovery of taxes. 26 U.S.C. § 7403 "authorizes the judicial sale of certain properties to satisfy the tax indebtedness of delinquent tax payers." *U.S. v. Rodgers*, 461 U.S. 677, 680 (1983). The Court thus has subject matter jurisdiction over the United States'

suit against Joseph to obtain a money judgment against him on unpaid taxes and to enforce federal tax liens against the Property.

### 2. Personal Jurisdiction & Venue

When a defendant brings a Rule 12(b)(2) motion for a lack of personal jurisdiction, the plaintiff has the burden to show that personal jurisdiction exists. *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996). To survive a motion to dismiss for lack of personal jurisdiction, however, the plaintiff need only make a prima facie showing of personal jurisdiction over the defendant. *Digi–Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996).

A citizen is subject to the personal jurisdiction of a state in which he resides. *Shaffer v. Heitner*, 433 U.S. 186, 2020 (1977). The Court has personal jurisdiction over Joseph because he is a resident of Minnesota. Even under the nonsensical argument that Joseph does not reside in Minnesota, Minnesota's long arm state enables Minnesota to exercise personal jurisdiction over a non-resident who "owns, uses, or possesses any real or personal property situated in this state." MINN. STAT. § 534.19 (2018). The Government claims Joseph has an interest in the Property located in Minnesota. (Am. Compl., ¶¶ 29–31). Accordingly, Joseph falls under Minnesota's long arm statute.

Venue in the District of Minnesota is also appropriate for this suit. Under 28 U.S.C. § 1391, a civil action may be brought in the judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located, or in the district where a substantial part of property that is the subject of an action is situated. Here both

apply. Joseph and the other defendants are residents of Minnesota. Moreover, the Property at issue is located in Minnesota. Thus, venue in this District is appropriate.

### 3. Failure to State a Claim

In deciding a Rule 12(b)(6) motion, a court accepts as true all well-pleaded factual allegations and then determines "whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The Court must draw reasonable inferences in the plaintiff's favor. *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sletten & Brettin Orthodontics v. Cont'l Cas. Co.*, 782 F.3d 931, 934 (8th Cir. 2015) (internal quotations omitted). Facial plausibility of a claim exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Although a sufficient complaint need not be detailed, it must contain "[f]actual allegations . . . enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *see id.* ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion of a legally cognizable right of action." (quotations and citation omitted)).

The Court finds the Government has pled sufficient facts to give rise to a plausible, legally cognizable claim. The Government seeks to reduce to judgment federal income tax assessments against Joseph and to enforce this judgment against the Property. (Am. Compl., ¶ 1). To this effect, the Government pleads specific allegations on the tax

6

assessments against Joseph and the ownership of the Property. The Government asserts Joseph was required but failed to file a federal income tax return for 2005, 2010, and 2013. (Am. Compl., ¶ 18). The Government also asserts Joseph filed a tax return claiming $0 in income and in tax due despite having a taxable income for the years 2006, 2007, 2008, 2009, 2011, and 2012. (Am. Compl., ¶ 19). The Government gives a breakdown of the tax assessments against Joseph by year, which total $208,683. (Am. Compl., ¶ 20). The Government claims Joseph has failed to cooperate with audits or collection by falsely claiming his bankruptcy discharged his tax liability and responding to IRS correspondence by stating the IRS is a private entity that cannot collect taxes from him. (Am. Compl., ¶ 21). In regard to the Property, the Government asserts Joseph owns a 50% interest the Property. (Am. Compl., ¶¶ 29, 31). The Government claims the IRS has filed a Notice of Federal Tax Lien regarding Joseph's outstanding federal income tax liabilities with the Goodhue County Recorder and thus these tax liabilities attach to Joseph's Property. (Am. Compl., ¶¶ 32–35). Based on the aforementioned factual allegations, the Government has met its burden to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (explaining a complaint must contain enough facts to "state a claim to relief that is plausible on its face").

### 4. Authority of the Internal Revenue Service

Joseph asserts various sovereign citizen claims, such as the IRS being a private corporation and the IRS having no authority to bring this action against him. (ECF No. 13, at 1–2). Joseph also claims he is not a citizen of Minnesota or the United States. (ECF No. 14). The types of arguments made by Joseph have been repeatedly and soundly rejected,

and therefore, require no further analysis here. *See, e.g.*, *United States v. Jonassen*, 759 F.3d 653, 657 n.2 (7th Cir. 2014) (providing that sovereign citizen arguments can take many titles, but at their core "assert that the federal government is illegitimate and insist that they are not subject to its jurisdiction. The defense has no conceivable validity in American law." (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990))); *United States v, Sileven*, 985 F.2d 962, 970 (8th Cir. 1993) (finding similar arguments that defendant was not a federal citizen "plainly frivolous" and noting that further discussion was unnecessary). The Court does not entertain Joseph's meritless arguments.

### B.    Sheila's Motions to Dismiss

Sheila filed two motions for dismissal. The first motion for dismissal does not specify whether it is made under Federal Rule of Civil Procedure 12 or rather as a motion for summary judgment. Sheila specifically states her second motion for dismissal is under Rule 12(b)(6). The arguments in both motions are the same: that Joseph has no interest in the Property and the IRS cannot sell the Property to satisfy Joseph's tax debts. The Court only addresses Sheila's arguments under the standard for summary judgment because the Court has already discussed at length why the Government survives a Rule 12(b)(6) motion to dismiss. [3]

---

[3] The Court had already addressed the merits of Sheila's Rule 12(b)(6) motion in its discussion of Joseph's motion to dismiss. The Government seeks to reduce to judgment federal income tax assessments against Joseph and to enforce this judgment against the Property. (Am. Compl., ¶ 1). To this effect, the Government has made specific factual allegations of Joseph failing to file or incorrectly filing federal income tax returns for the years 2005 through 2012, which amount to $206,683. (Am. Compl., ¶¶ 18, 19–20). The Government also asserts Joseph owns a 50% interest in the Property, which the Government seeks to enforce any judgment it obtains against. (Am. Compl., ¶¶ 29, 31–35). The Government has thus met its burden to withstand a motion to dismiss under Rule 12(b)(6). The Court accordingly recommends denying Sheila's second Notice of Superior Claim and Motion for Dismissal pursuant to Rule 12(b)(6).

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The movant has the burden of demonstrating that no genuine issue of material fact remains to be decided. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When a motion for summary judgment has been made and supported by the pleadings and affidavits, the burden shifts to the party opposing the motion to demonstrate that a disputed issue of material fact remains. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

At this early stage in the lawsuit, the Court finds a genuine issue of material fact on the matter of whether Joseph has a remaining interest in the Property. Sheila argues—without any documentary support—she owns a full interest in the Property.

Sheila asserts she and Joseph married in 1984, divorced in 2002, and remarried in 2009. (ECF No. 18, at 1–2). Sheila claims she had a 50% interest in the Property prior to divorce because it was acquired during marriage and that she was awarded 50% of the Property in the divorce decree. (ECF No. 18, at 2). After the divorce, Sheila claims Joseph gave up his 50% interest in the Property by quitclaim deed "as prior and future payment of child support if Sheila agreed not to pursue enforcement of the child support ordered . . . ." (ECF No. 18, at 2). Sheila concludes that Joseph has no interest in the Property because she held the full interest in the property prior to remarrying Joseph and thus the IRS cannot enforce Joseph's tax liabilities against the Property. (ECF No. 18, at 1–2). In contrast, the Government contends—citing to recorded documents—that Sheila has only a 50% interest in the Property, with Joseph holding the other 50% ownership interest. The Government

9

asserts Joseph acquired the full interest in the Property by warranty deed in 2000 and, in 2006, conveyed only a 50% interest in the Property by quitclaim deed to Sheila. (Cheever. Decl. ¶ 5, ECF No. 39; Certified Warranty Deed, at Ex. 2, ECF No. 39). In sum, even if Sheila's first motion for dismissal is construed as a motion for summary judgment, the Government survives the motion because there is a genuine issue of material fact as to the ownership interests of Joseph and Sheila in the Property. This case is at its inception and further discovery will shed light on whether Joseph has a remaining interest in the Property against which the Government may enforce its tax liens.

### III.   RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Joseph Yennie's Notice of Motion and Motion for Dismissal, (ECF No. 13), be **DENIED**;

2. Defendant Sheila Yennie's Notice of Superior Claim and Motion for Dismissal, (ECF No. 18), be **DENIED**; and

3. Defendant Sheila Yennie's Notice of Superior Claim and Motion for Dismissal, (ECF No. 42), be **DENIED.**

Date: April 30, 2019         *s/Steven E. Rau*
                             Steven E. Rau
                             United States Magistrate Judge
                             District of Minnesota

## **NOTICE**

**Filings Objections:** This Report and Recommendation is not an order or judgement of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).