UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br>v.<br>Joseph H. Yennie et al.,<br>　　　　　　Defendants. | Case No. 18-cv-3268 (WMW/BRT)<br><br>**ORDER ADOPTING<br>REPORT AND RECOMMENDATION** |
| Joseph Howard,<br><br>　　　　　　Plaintiff,<br>v.<br>Shane L. Cheever et al.,<br>　　　　　　Defendants. | Case No. 19-cv-1807 (WMW/BRT)<br><br>**ORDER ADOPTING<br>REPORT AND RECOMMENDATION** |

These matters are before the Court on the December 20, 2019 Report and Recommendation (R&R) of United States Magistrate Judge Becky R. Thorson.  (Case No. 18-cv-3268, Dkt. 66; Case No. 19-cv-1807, Dkt. 21.)  The R&R recommends denying Defendant and Countersuit-Plaintiff Joseph H. Yennie's motions to dismiss and consolidating the matters.  Joseph Yennie and Defendant Sheila Yennie each filed timely objections to the R&R.

A district court reviews *de novo* those portions of an R&R to which a specific, written objection is made.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3).  When a party fails to file specific objections to an R&R, *de novo* review is not required.  *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn.

2015) (observing that objections to an R&R that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review"). A district court reviews for clear error any aspect of an R&R to which no specific objection is made. *See id.*; *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam); *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Joseph Yennie's and Sheila Yennie's objections[1] advance the same arguments that were presented to the magistrate judge on multiple occasions and rejected by the Court in its July 24, 2019 Order. Because the objections lack both sufficient specificity and legal merit, the Court overrules the objections. Having carefully reviewed the R&R, the Court finds that the R&R is neither clearly erroneous nor contrary to law. The Court, therefore, adopts the R&R in full.

Based on the R&R and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Sheila Yennie's objections to the R&R, (Case No. 18-cv-3268, Dkt. 67), are **OVERRULED**.

2. Defendant and Countersuit-Plaintiff Joseph H. Yennie's objections to the R&R, (Case No. 19-cv-1807, Dkt. 22), are **OVERRULED**.

---

[1] Sheila Yennie refiled, as objections to the R&R, the Notice of Superior Claim and Motion for Dismissal, (Case No. 18-cv-3268, Dkt. 18), which she previously filed in this matter.

3. The December 20, 2019 R&R, (Case No. 18-cv-3268, Dkt. 66; Case No. 19-cv-1807, Dkt. 21), is **ADOPTED**.

4. Defendant and Countersuit-Plaintiff Joseph H. Yennie's Motions for Dismissal, (Case No. 18-cv-3268, Dkts. 53, 58; Case No. 19-cv-1807, Dkt. 4), are **DENIED**.

5. Case No. 18-cv-3268 and Case No. 19-cv-1807 are **CONSOLIDATED** as follows:

   a. The complaint in Case No. 19-cv-1807, (Dkt. 1), shall be docketed as Defendant Joseph Howard Yennie's answer and counterclaim to the complaint in Case No. 18-cv-3268.

   b. Case No. 19-cv-1807 shall be administratively closed.

Dated: March 5, 2020                                s/Wilhelmina M. Wright
                                                    Wilhelmina M. Wright
                                                    United States District Judge