UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Civ. No. 18-3268 (WMW/BRT) |
| Plaintiff, | |
| v. | **REPORT AND** |
| Joseph H. Yennie, et al., | **RECOMMENDATION** |
| Defendants. | |

Julian Todd Lee, Esq., DOJ – Tax Division, counsel for Plaintiff.

Joseph H. Yennie, *pro se* Defendant.

Sheila A. Yennie, *pro se* Defendant.

BECKY R. THORSON, United States Magistrate Judge.

The above-captioned case comes before the undersigned on Plaintiff's Motion to Strike Count I and to Dismiss Counts III and IV of Joseph Yennie's Answer and Counterclaim ("Motion to Strike and Dismiss") (Doc. No. 87), and on Defendant Sheila Yennie's Motion to Dismiss (Doc. No. 94). The matter was referred to the undersigned pursuant to 27 U.S.C. § 636 and Local Rule 72.1. (Doc. No. 21.) For the reasons stated below, this Court recommends that Plaintiff's Motion to Strike and Dismiss be granted, and Sheila Yennie's Motion to Dismiss be denied.

## BACKGROUND

In this lawsuit ("*Yennie I*"), the United States seeks to obtain judgment on unpaid federal income tax assessments against Joseph Yennie and to enforce federal tax liens

associated with his outstanding federal tax liabilities that attached to real property located in Pine Island, Minnesota. (Doc. No. 5, Am. Compl.) Pursuant to 26 U.S.C. § 7403(b), the United States named additional parties as defendants because they may claim an interest in the real property at issue. (*Id.* ¶¶ 7–16.)

On December 28, 2018, Joseph Yennie filed a Notice of Motion and Motion for Dismissal, challenging jurisdiction and venue. (Doc. No. 13 at 1–2.) Therein, Joseph Yennie asserted he is not a citizen of Minnesota or the United States and that the Internal Revenue Service ("IRS") is a private corporation and thus cannot collect taxes from him. (Doc. No. 13 at 1–2; Doc. No. 14.) On January 2, 2019, Sheila Yennie filed a Notice of Superior Claim and Motion for Dismissal asserting that she owns the full interest in the Pine Island property, and thus the IRS cannot enforce Joseph Yennie's tax liabilities against it. (Doc. No. 18 at 1–2.) On March 25, 2019, Sheila Yennie filed a largely duplicative notice and motion, but specified it was brought under Fed. R. Civ. P. 12(b)(6). (*See* Doc. No. 42.)

On April 30, 2019, the Court issued a Report and Recommendation rejecting the Yennies' arguments and recommending their motions be denied, which was subsequently adopted by the District Court. *See United States v. Yennie*, No. 18-CV-3268 (WMW/SER), 2019 WL 3325862, at *5 (D. Minn. Apr. 30, 2019), *report and recommendation adopted*, No. 18-CV-3268 (WMW/SER), 2019 WL 3325439 (D. Minn. July 24, 2019). Because Sheila Yennie's initial motion to dismiss did not specify a legal standard, the Court analyzed that motion as both a motion to dismiss and a motion for summary judgment. The Court concluded that both of Sheila Yennie's motions should be

2

denied because a genuine dispute of material fact existed as to whether Joseph Yennie had an interest in the Pine Island property. *Id.* at *4.

While the Court's Report and Recommendation was still pending, Joseph Yennie filed a pro se complaint initiating a second lawsuit. *See Yennie v. Cheever*, Case No. 0:19-cv-1807-WMW-SER ("*Yennie II*") (Doc. No. 1). Therein, Joseph Yennie alleges, among other things, that Plaintiff was not authorized to file the complaint in this matter and failed to serve him with "the Original complaint" (Count I). (Doc. No. 70, Answer and Counterclaim 2.) Joseph Yennie also sought to join five IRS employees as counterclaim defendants in Counts III (conspiracy to defraud) and Count IV (slander). (*Id.* at 6–7.) Then, on August 1, 2019, Joseph Yennie filed—in *Yennie II*—a motion to dismiss the complaint in *Yennie I* for lack of jurisdiction. (*See* Doc. No. 53.) On November 5, 2019, he filed another motion to dismiss in *Yennie I* asserting errors in service. (Doc. No. 58.)

On December 20, 2019, this Court issued a Report and Recommendation that was subsequently adopted by the District Court on March 5, 2020. *See United States v. Yennie*, No. CV 18-3268 (WMW/BRT), 2019 WL 8164779, at *1 (D. Minn. Dec. 20, 2019), *report and recommendation adopted*, No. 18-CV-3268 (WMW/BRT), 2020 WL 1082478 (D. Minn. Mar. 5, 2020), *appeal dismissed*, No. 20-1577, 2020 WL 5525259 (8th Cir. Apr. 1, 2020), *and appeal dismissed sub nom. Howard v. Cheever*, No. 20-1581, 2020 WL 5543938 (8th Cir. Apr. 1, 2020). The Court denied Joseph Yennie's motions to dismiss, consolidated *Yennie I* and *II*, and docketed the complaint in *Yennie II* as Joseph

3

Yennie's answer and counterclaim in *Yennie I* (*see* Doc. No. 70, Answer and Counterclaim).

On May 4, 2020, Plaintiff moved the Court for an order striking Count I of Joseph Yennie's answer and counterclaim, which Plaintiff construes as an affirmative defense for lack of service, and dismissing Joseph Yennie's counterclaims against the United States (Counts III and IV). (Mot. to Strike and Dismiss 1–2.) Then, on May 20, 2020, Sheila Yennie filed a new Motion to Dismiss. (Doc. No. 94, Mot. to Dismiss.) Plaintiff opposes this motion. (*See* Doc. No. 102, Resp.) This Court held a hearing on both motions on September 23, 2020. (Doc. No. 114.)

## DISCUSSION

### I. Plaintiff's Motion to Strike and Dismiss Should be Granted

Plaintiff moves the Court for an order striking that part of Count I of Joseph Yennie's Answer and Counterclaim that Plaintiff construes as an affirmative defense for lack of service.[1] (Mot. to Strike and Dismiss 1–2.) Plaintiff also seeks dismissal of Counts III and IV for lack of subject-matter jurisdiction. (*Id.* at 2.) Joseph Yennie did not file a response, and he declined to speak on his behalf at the motions hearing, instead invoking his right to remain silent. For the reasons that follow, this Court recommends that Plaintiff's Motion to Strike and Dismiss be granted.

---

[1] Plaintiff states that it understands the remainder of Count I of Joseph Yennie's Answer and Counterclaim—which concerns the United States' authority to bring suit against him—as part of his Answer, and declines to address it further in the present motion. (Mot. to Strike and Dismiss 3.)

4

### A. Count I

This Court first turns to Plaintiff's argument that a part of Count I of Joseph Yennie's Answer and Counterclaim should be construed as an affirmative defense for lack of service and struck. In Count I, Joseph Yennie asserts, in relevant part, that "[t]his Plaintiff has never been served the original Complaint that the defendants purport to have filed . . . [and] prays this Court order proof of properly delegated authority" be sent to him. (Answer and Counterclaim ¶ 8.) This Court agrees that this assertion is best understood as an affirmative defense for lack of service.

The question, then, is whether Plaintiff's motion to strike that affirmative defense should be granted. Federal Rule of Civil Procedure 12(f) states that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Here, this Court addressed this exact argument concerning service in its Report and Recommendation filed December 20, 2019. (Doc. No. 66, Report and Recommendation 6–8.) There, this Court analyzed Joseph Yennie's argument that this matter should be dismissed because he and Sheila Yennie were only served an amended complaint rather than the original complaint. (*Id.* at 6.) This Court construed that argument as a motion challenging service of process, and found that "[t]he United States was well within its right to amend its pleading as a matter of course," and that "[t]here was no obligation for the United States to serve an inoperative pleading on Joseph Yennie or any other defendant." (*Id.* at 6–7.) Accordingly, this Court recommended that Joseph Yennie's motion based on lack of service be denied, and that recommendation was later adopted by the District Court. (*See* Doc. No. 86.)

5

Accordingly, because Joseph Yennie's challenge to service of process has already been decided by the Court, this Court finds that his affirmative defense for lack of service is redundant under Fed. R. Civ. P. 12(f). This Court therefore recommends that Plaintiff's motion to strike be granted as to Joseph Yennie's affirmative defense for lack of service found in Count I of his Answer and Counterclaim.

### B. Counts III and IV

Plaintiff next argues that the Court should dismiss the tort claims set forth in Counts III and IV of Joseph Yennie's Answer and Counterclaim for lack of subject-matter jurisdiction. (Mot. to Strike and Dismiss 6–12.) Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss a complaint for lack of subject-matter jurisdiction. A party contesting subject-matter jurisdiction may mount either a facial challenge or a factual challenge to a court's jurisdiction. *See Osborn v. United States*, 918 F.2d 724, 729–30 & n.6 (8th Cir. 1990). On a facial attack, the court limits its consideration to the allegations of the complaint. *Id.* at 729 & n.6. On a factual attack, the court may consider matters outside the pleadings without converting the motion to one for summary judgment. *Id.* "[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.* at 730. In determining whether the plaintiff has sustained that burden, a court has the duty to construe liberally a pro se party's pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "the Court may not supply additional facts or fashion a legal theory that assumes facts that

6

have not been pleaded." *Benjamin v. Experian Info. Sols., Inc.*, No. 14-cv-810 (JRT/JJG), 2014 WL 3509044, at *2 (D. Minn. July 15, 2014) (citing *Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004)).

Plaintiff moves the Court for an order dismissing the tort claims advanced in Counts III and IV of Joseph Yennie's Answer and Counterclaim for lack of subject-matter jurisdiction because they are barred by sovereign immunity.[2] Count III claims that six IRS employees named by Joseph Yennie as defendants conspired to defraud him of his property. (Answer and Counterclaim ¶ 17.) Count IV claims that those same six defendants slandered Joseph Yennie by naming other defendants in this matter who may have an interest in the Pine Island property, and by filing copies of the Amended Complaint "all over the town and county where Plaintiff lives and works." (*Id.* ¶ 18.) Plaintiff seeks damages in the amount of $207,683 plus interest, and any further relief the Court deems proper. (*Id.*)

As a preliminary matter, this Court notes that it has previously observed that "[i]t is well settled that individual federal employees may not be sued for actions taken in the performance of their official duties." (Doc. No. 66, Report and Recommendation 5 n.5 (citing *Searcy v. Donelson*, 204 F.3d 797, 798 (8th Cir. 2000); *In re Broos*, 534 B.R. 358, 360 (B.A.P. 8th Cir. 2015)).) Instead, lawsuits against an agency of the United States or against an officer of the United States in his or her official capacity are considered an

---

[2] Plaintiff also acknowledges that Counts III and IV contain additional language that should be construed as part of Joseph Yennie's answer to Plaintiff's Complaint. (Mem. in Support 4.) Those arguments are not the subject of the present motion.

7

action against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (stating suits against public officials acting in their official capacities are treated as suits against the employing entity). "When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States." *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989).

Here, Joseph Yennie seeks in Counts III and IV to pursue claims against six individual IRS employees for actions undertaken in their efforts to assess and collect his outstanding tax liabilities. (Answer and Counterclaim ¶¶ 17–18.) While official-capacity suits are permitted in narrow circumstances, they "typically involve either allegedly unconstitutional state policies or unconstitutional actions taken by state agents possessing final authority over a particular decision." *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). "Actions to collect federal tax debt do not fit either description." *In re Broos*, 534 B.R. at 360. Accordingly, this Court concludes that Joseph Yennie's official-capacity claims against the six named IRS employees are barred and the United States is, in fact, the proper party defendant to Joseph Yennie's Counterclaims.

This Court now turns to the question of whether Plaintiff's claims against the United States are barred by the doctrine of sovereign immunity. "The United States is immune from suit except where Congress has waived that immunity." *United States v. Kearns*, 177 F.3d 706, 709 (8th Cir. 1999) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)). The Supreme Court has explained that a waiver of the traditional sovereign immunity "cannot be implied but must be unequivocally expressed." *Testan*, 424 U.S. at

8

399 (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). Where Congress has provided for a specific waiver of sovereign immunity, the "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Soriano v. United States*, 352 U.S. 270, 276 (1957).

Here, Joseph Yennie has made no allegation that the United States waived its sovereign immunity with respect to either his fraud or slander claims. While it is true that the United States, through the Federal Tort Claims Act, issued a limited waiver of sovereign immunity for some tort claims, *see* 28 U.S.C. § 2674, Congress also excluded tort claims arising out of the assessment or collection of taxes or customs duties from that act, *see* 28 U.S.C. §§ 1346(b)(1), 2680(c). And "[t]he United States retains its sovereign immunity under section 2680(c) from claims arising in respect to tax assessment or collection even when . . . the claims encompass torts and constitutional violations." *Jones v. United States*, 16 F.3d 979, 980–81 (8th Cir. 1994) (citation omitted). The tort claims for fraud and slander articulated in Counts III and IV both seek to recover damages as a result of actions undertaken by the IRS in its efforts to assess and collect Joseph Yennie's unpaid tax liabilities. It follows that they fall into the exclusions contained in §§ 3146(b)(1) and 2680(c), and thus are barred by sovereign immunity.

In sum, this Court concludes that Joseph Yennie's tort counterclaims contained in Counts III and IV of his Answer and Counterclaim should therefore be dismissed for lack of subject-matter jurisdiction. *See, e.g.*, *Hart v. United States*, 630 F.3d 1085, 1088 (8th Cir. 2011) (stating that a court lacks subject-matter jurisdiction when the United States

has not waived sovereign immunity). Plaintiff's motion to dismiss those claims should therefore be granted.

## II.     Sheila Yennie's Motion to Dismiss Should Be Denied

Sheila Yennie seeks dismissal of the Complaint in this matter, arguing that Joseph Yennie possesses no interest in the Pine Island property. (Doc. No. 94, Mot. to Dismiss.) Plaintiff opposes the motion. (Doc. No. 98.) On September 21, 2020, Sheila Yennie filed an exhibit in support of the motion. (Doc. No. 110.) The Court heard oral argument from the parties at the motions hearing on September 23, 2020. (Doc. No. 114.) For the reasons that follow, this Court recommends that Sheila Yennie's Motion to Dismiss be denied.

As was the case with her first motion to dismiss, Sheila Yennie has again not specified whether her present motion is brought pursuant to Rule 12(b)(6) as a motion to dismiss, or Rule 56(c) as a motion for summary judgment. This Court observes, however, that Sheila Yennie has already pursued an unsuccessful 12(b)(6) motion in this matter, and that successive Rule 12 motions are generally barred by Rule 12(g)(2). *See E. Coast Test Prep LLC v. Allnurses.com, Inc.*, No. CV 15-3705 (JRT/JSM), 2016 WL 5109137, at *1 (D. Minn. Sept. 19, 2016). Rule 12(g)(2) states that "a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). This ban on successive Rule 12 motions is "salutary in that it works against piecemeal consideration of a case." Fed. R. Civ. P. 12(g) advisory committee's note to 1966 amendment. Here, Sheila Yennie's Motion to Dismiss is substantively identical to

her prior 12(b)(6) motion to dismiss that was denied by the Court. (*See* Doc. No. 42.) It follows that the present motion may not be maintained under Rule 12.

The Court therefore construes Sheila Yennie's Motion to Dismiss as a motion for summary judgment under Rule 56. Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The movant has the burden of demonstrating that no genuine issue of material fact remains to be decided. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When a motion for summary judgment has been made and supported by the pleadings and affidavits, the burden shifts to the party opposing the motion to demonstrate that a disputed issue of material fact remains. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

Here, Sheila Yennie reiterates the same claims the Court previously rejected. She states she had a 50% interest in the Pine Island property prior to her 2002 divorce from Joseph Yennie because it was acquired during marriage and she was awarded 50% of the Property in the divorce decree. (Mot. to Dismiss 1.) Sheila Yennie claims Joseph Yennie subsequently failed to pay child support as ordered by the court, and surrendered his 50% interest in the Property by quitclaim deed "as prior and future payment of child support if Sheila agreed not to pursue enforcement of the child support ordered." (*Id.* at 2.) Sheila and Joseph Yennie remarried in 2009, but Sheila Yennie states that because the Pine Island property was her premarital asset, Joseph Yennie did not gain an interest in it as a result of their marriage. (*Id.*) Sheila and Joseph Yennie were divorced again in 2019. (*Id.* at 2–3; *see* Doc. No. 110, Divorce Pet.) Sheila Yennie asserts that Joseph Yennie

11

presently enjoys no interest in the Pine Island property because she held the full interest prior to remarrying Joseph and retained the same after their second divorce. (Mot. to Dismiss 2–3.)

The Government disagrees and argues that recorded documents show that Sheila has only a 50% interest in the Property, with Joseph holding the other 50% ownership interest. The Government maintains Joseph acquired the full interest in the Property by warranty deed in 2000 and, in 2006, conveyed only a 50% interest in the Property by quitclaim deed to Sheila. (Doc. No. 39, Cheever. Decl. ¶ 5, Ex. 2.)

In sum, this Court finds that there remains a genuine issue of material fact as to the ownership interests of Joseph and Sheila Yennie in the Pine Island property. While Sheila Yennie has provided additional evidence related to the couple's second divorce in 2019, that is insufficient to dispel the dispute over the ownership interests created by the Government's conflicting evidence. Accordingly, the motion for summary judgment should be denied.

## RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion to Strike Count I and to Dismiss Counts III and IV of Joseph Yennie's Answer and Counterclaim (**Doc. No. 87**) be **GRANTED**;

2. Sheila Yennie's Motion to Dismiss (**Doc. No. 94**) be **DENIED**; and

3. Judgment be entered accordingly.

Dated: October 27, 2020               *s/ Becky R. Thorson*
                                      BECKY R. THORSON
                                      United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).