# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Joseph H. Yennie, et al.,<br><br>  Defendants. | Civ. No. 18-3268 (WMW/BRT)<br><br>**ORDER ON PLAINTIFF'S MOTION TO COMPEL AND AMENDED PRETRIAL SCHEUDULING ORDER** |

Julian Todd Lee, Esq., DOJ-Tax Division, counsel for United States of America.

Joseph H. Yennie, *pro se* Defendant.

Sheila A. Yennie, *pro se* Defendant.

BECKY R. THORSON, United States Magistrate Judge.

The above-captioned case comes before the undersigned on Plaintiff's Motion to Compel Disclosures, Discovery Responses and Production of Documents, for Sanctions, and to Enlarge Time ("Motion to Compel"). (Doc. No. 122.) For the reasons stated below, this Court recommends that Plaintiff's motion be granted in part and denied in part.

## BACKGROUND

This case was filed on November 11, 2018. (Doc. No. 1.) In this lawsuit, the United States seeks to obtain judgment on unpaid federal income tax assessments against Defendant Joseph Yennie and to enforce federal tax liens associated with his outstanding federal tax liabilities that attached to real property located in Pine Island, Minnesota.

(Doc. No. 5, Am. Compl.) Pursuant to 26 U.S.C. § 7403(b), Plaintiff named additional parties as defendants because they may claim an interest in the real property at issue. (*Id.* ¶¶ 7–16.) Joseph Yennie's Answer and Counterclaim was docketed in this matter on March 5, 2020. (Doc. No. 70.) Defendant Sheila A. Yennie has not yet answered the Complaint, though she has unsuccessfully moved to dismiss the action three times. (*See* Doc. Nos. 18, 42, 43, 94, 128.)[1]

On April 7, 2020, the Court issued a Pretrial Scheduling Order requiring, among other things, that the parties make their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before April 30, 2020, and commence fact discovery in time to be completed on or before September 30, 2020. (Doc. No. 79, Pretrial Sched. Ord. 3.) On August 17, 2020, Plaintiff served a first set of requests for admissions ("RFAs"), interrogatories, and requests for production ("RFPs") on Joseph Yennie. (Lee Decl. ¶ 5.) On August 26, 2020, Plaintiff served a second set of interrogatories and RFPs on Joseph Yennie, and a first set of interrogatories and RFPs on Sheila Yennie. (*Id.* ¶ 7.)

---

[1] Defendant Joseph Yennie filed a first motion to dismiss on December 28, 2018. (Doc. No. 13.) The case was stayed on January 9, 2019. (Doc. No. 23.) The stay was lifted on February 12, 2019. (Doc. No. 35.) Magistrate Judge Rau issued his report and recommendation on April 30, 2019. (Doc. No. 43.) The District Court adopted the report and recommendation and denied the motions to dismiss on July 24, 2019. (Doc. No. 50.) Due to the passing of Judge Rau, this case was reassigned to the undersigned on November 15, 2019. (Doc. No. 62.) The undersigned issued her report and recommendation on additional motions to dismiss on December 20, 2019. (Doc. No. 66.) The District Court adopted that report and recommendation on March 5, 2020. (Doc. No. 68.) Following that order, a Pretrial Conference was set. (Doc. No. 69.) On March 16, 2020, the Court canceled the hearing to protect against unnecessary potential exposure to COVID-19 and informed the parties that a scheduling order would issue based on the parties Rule 26(f) submissions. (Doc. No. 71.)

Having received no response from either party, Plaintiff attempted to meet and confer by mailing them letters on October 5, 2020, reminding them to make initial disclosures and respond to the discovery requests. (*Id.* ¶ 8.) Therein, Plaintiff also set an extended deadline of October 12, 2020 for a response, and invited Joseph Yennie and Sheila Yennie to meet and confer with Plaintiff if that deadline was not manageable. (*Id.*) Plaintiff represents that as of November 23, 2020, neither Joseph Yennie nor Sheila Yennie had made initial disclosures or responded to Plaintiff's discovery requests, nor had they contacted Plaintiff's counsel to meet and confer. (Doc. No. 123, Lee Decl. ¶¶ 4, 9; Doc. No. 124, Meet-and-Confer Statement.)

Plaintiff filed its Motion to Compel on November 24, 2020. (Doc. No. 122, Mot. to Compel.) On December 14, 2020, Joseph Yennie and Sheila Yennie filed separate documents titled "Objection to Proposed order Request by Julian T.A. Lee." (Doc. Nos. 126, 127.) Joseph Yennie and Sheila Yennie's objections do not specifically respond to the arguments in Plaintiff's Motion to Compel or address their obligations pursuant to Federal Rule of Civil Procedure 26.[2]

---

[2] None of the arguments made in these filings are relevant to the analysis that follows. Joseph Yennie's "Objection" re-asserts his meritless claim that the Court lacks jurisdiction over him in this matter. (*See* Doc. No. 50, Ord. Adopting Magistrate Judge's Report and Recommendation 2 (stating "this Court has subject-matter jurisdiction over this action, personal jurisdiction over Joseph Yennie, and that venue in this District is proper").) Sheila Yennie's "Objection," for its part, merely rehashes the same arguments from her recent Motion to Dismiss that were already rejected by the Court. (*See* Doc. Nos. Doc. No. 94, 115, 128.)

## ANALYSIS

### I.   Applicable Law

"'Discovery' is the process by which parties exchange information about the issues in their case before trial . . . . These techniques include depositions, interrogatories, requests for document production, requests for admission, and physical or mental examinations." *See* U.S. District Court, District of Minnesota, Pro Se Civil Guidebook 5, available at https://www.mnd.uscourts.gov/sites/mnd/files/Pro-Se-Civil-Guidebook.pdf (last visited February 9, 2021).

Federal Rule of Civil Procedure 26 governs discovery in federal court. *See* Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside of the scope permitted by Rule 26(b)(1).

Rule 26(b)1 provides that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

### A. Initial Disclosures

As set forth in Rule 26(e)(1) of the Federal Rules of Civil Procedure and as explained in the Pro Se Civil Guidebook, initial disclosures must be served on the other parties by the deadline established in the scheduling order. As set forth in the comments to the Rules, "[a] major purpose of the [Rule] is to accelerate the exchange of basic information about the case and to eliminate the paperwork involved in requesting such information." Fed. R. Civ. P. 26, advisory committee's note, 1993 amendment. In 2000, the Rule was narrowed to "cover only information that the disclosing party may use to support its position." *Id.*, advisory committee's note, 2000 amendment. Initial disclosures are required in all cases, unless exempted by Federal Rule of Civil Procedure 26(a)(1)(B) or otherwise ordered by the Court. Since this case does not fall under the categories exempted by Rule 26(a)(1)(B), Joseph Yennie and Sheila Yennie must serve the following information on the other parties:

> The name and, if known, the address and telephone number of each individual *likely to have information that you may use to support your claims and defenses*, unless that information will be used solely for impeachment. You also must identify the type of information that each individual has. Information used solely for impeachment is information that is used only to attack the believability or credibility of a witness, rather than information used to prove your position directly.
>
> A copy, or a description by category and location, of *all documents or other things that you have in your possession or control that you may use to support your claims or defenses*, unless they will be used solely for impeachment.

Pro Se Civil Guidebook 38–39 (emphasis added).

5

Under Rules 26(a)(4) and (g) of the Federal Rules of Civil Procedure, initial disclosures must be made in writing and be served directly on all the other parties to the lawsuit. *Id.* at 39. They must be signed by the party and must include the party's address. *Id.* By signing a disclosure, the party is certifying to the Court that the disclosure is complete and correct as of the time it is made, to the best of the party's knowledge. A party's initial disclosures must be based on the information that is reasonably available to the party. *Id.*

The Pretrial Scheduling Order required Joseph Yennie and Sheila Yennie to serve their initial disclosures on or before April 30, 2020. They have not served them, despite Plaintiff's reminder and attempt to meet and confer. (Pretrial Sched. Ord. 3; Lee Decl. ¶ 8.) To the extent their separate filings of "Objection to Proposed order Request by Julian T.A. Lee" are objections to the initial disclosure requirement, those objections are overruled. Plaintiff's Motion to Compel the production of Joseph Yennie and Sheila Yennie's disclosures is granted; however, as explained below, the Court will not issue any sanctions order at this time. Joseph Yennie and Sheila Yennie must produce their initial disclosures no later than March 1, 2021.

      **B.**      **Rule 33 Interrogatories**

As explained in the Pro Se Civil Guidebook, an interrogatory is another way to gather information about the facts of a case. *See* Pro Se Civil Guidebook 54. "Interrogatories are written questions sent by one party to any other party to the lawsuit, and these questions must be answered under oath." *Id.* Rule 33 explains that a party answering interrogatories "must furnish the information available to the party." Fed. R.

6

Civ. P. 33(b)(1)(B). Each party in a case can serve a limited number of interrogatories on the other side.

The Court understands that Plaintiff served its first set of interrogatories on Joseph Yennie on August 17, 2020, and a second set of interrogatories on Joseph Yennie and a first set of interrogatories on Sheila Yennie on August 26, 2020. (Lee Decl. ¶ 5; Doc. Nos. 123-1, 123-3, 123-5.) Joseph Yennie and Sheila Yennie have not served any response, nor have they objected to the specific interrogatories served. They have also not shown good cause for their failure to respond. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) (noting that "when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived"). To the extent their separate filings of "Objection to Proposed order Request by Julian T.A. Lee" are objections to the interrogatories, those objections are overruled. Accordingly, Plaintiff's Motion to Compel answers to the interrogatories is granted. Joseph Yennie and Sheila Yennie must respond to Plaintiff's interrogatories no later than March 1, 2021.

### C. Rule 34 Requests for Production

Plaintiff has also moved to compel Defendants to respond to Plaintiff's RFPs. Under Federal Rule of Civil Procedure 34(b)(2), the party who has been served with an

7

RFP must provide a written response. The response must state, with respect to each item requested, that the party will allow inspection of the requested documents or will send copies of those documents, unless an objection is made to the request. If an RFP comports with Rule 34 and the scope and limits of Rule 26, the responding party must produce documents within its "possession, custody, or control." Fed. R. Civ. P. 34(a).

Here, Plaintiff served a first set of RFPs on Joseph Yennie on August 17, 2020, and a second set on Joseph Yennie and a first set on Sheila Yennie on August 26, 2020. (Lee Decl. ¶ 5; *See* Doc. Nos. 123-2, 123-4, 123-6.) Neither Defendant has served any response, objected to the specific RFPs served by Plaintiff, or produced any documents to Plaintiff. Nor have Joseph Yennie or Sheila Yennie shown good cause for their failure to respond. *See Fonville v. Dist.of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005) (finding that failure to object to document production in a timely manner, like the failure to object to an interrogatory, constitutes an automatic waiver of any objections where no extension of time had been requested and no good cause existed for the failure to interpose objections). To the extent their separate filings of "Objection to Proposed order Request by Julian T.A. Lee" are objections to the Requests for Documents, those objections are overruled. Accordingly, Plaintiff's Motion to Compel responses to Plaintiff's Requests for Production is granted. Joseph Yennie and Sheila Yennie must respond to Plaintiff's Requests for Production and produce responsive documents no later than March 1, 2021.

D.     **Enlargement of Time**

Plaintiff also seeks to extend the deadlines set forth in the scheduling order. (Mot. to Compel 7–8.) Plaintiff's motion for an enlargement of time is granted in part and

8

denied in part. To the extent Plaintiff seeks additional time to depose Joseph Yennie and Sheila Yennie, the motion is granted as set forth in the detailed amended scheduling order below. To the extent Plaintiff intends to take their depositions, as set forth below Plaintiff should first move the Court for an order seeking remote depositions due to the risks of transmission of COVID-19 because it may not be safe to hold in person depositions during the extended fact discovery period.

The Court notes that Plaintiff's declaration states that Plaintiff also served one set of RFAs on Joseph Yennie. (Lee Decl. ¶ 5.) Plaintiff has not sought to compel responses to any RFAs. However, to the extent Plaintiff intends to assert that Joseph Yennie's failure to respond to Plaintiff's RFAs should be construed to mean that "[a] matter is admitted," the RFAs must be *re-served* by February 15, 2021. Fed. R. Civ. P. 36(a)(3). If re-served, Joseph Yennie will have 30 days to answer the RFAs pursuant to Rule 36.[3] Moreover, if

---

[3]   For the parties' convenience, the most relevant portions of Rule 36 are copied below:

a)  Scope and Procedure

. . .

(3) *Time to Respond; Effect of Not Responding.* A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

(4) *Answer.* If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part

9

Plaintiff elects to re-serve any RFAs, the notice to Joseph Yennie must include *plain language that explains what Requests for Admission are and the consequences of failing to answer.*[4] The Pro Se Civil Guidebook provides plain language to consider. If any

---

> of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.
>
> (5) *Objections.* The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.
>
> (6) *Motion Regarding the Sufficiency of an Answer or Objection.* The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.
>
> (b) Effect of an Admission; Withdrawing or Amending It. A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

*See* Fed. R. Civ. P. 36.

[4]    Plaintiff is advised that the RFAs are not before the Court and the Court has not evaluated whether any of the requests are proper under Rule 36. *See Lakehead Pipe Line Co. v. American Home Assur. Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997) (stating that "requests for admission are not to be employed as a means 'to establish facts which are

RFAs are re-served, Joseph Yennie is advised to consult the Federal Rules of Civil Procedure and the Pro Se Civil Guidebook. Both are available for free on the Court's website at: https://www.mnd.uscourts.gov/representing-yourself.

### E.     Sanctions

The Court denies Plaintiff's request for sanctions at this time. As explained above, Joseph Yennie and Sheila Yennie are granted additional time to make their initial disclosures and respond to written discovery. The Court recognizes that Joseph Yennie and Sheila Yennie are pro se; however, despite their pro se status, they must still comply with applicable rules, laws, and orders of the Court in this case. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law."). Accordingly, Plaintiff may renew its request for sanctions if Joseph Yennie and/or Sheila Yennie fail to comply with this Order. *See, e.g.*, *Ford v. Dickinson*, No. EDCV192257PASPX, 2020 WL 6784529, at *3 (C.D. Cal. Aug. 21, 2020) (awarding $2,000 in monetary sanctions where pro se defendants "utterly disregarded their discovery obligations").

### ORDER

Therefore, based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

---

obviously in dispute or to answer questions of law'" (quoting *Kosta v. Connolly*, 709 F. Supp. 592, 594 (E.D. Pa. 1989)).

1. Plaintiff's Motion to Compel Disclosures, Discovery Responses and Production of Documents, for Sanctions, and to Enlarge Time is **GRANTED IN PART** and **DENIED IN PART**;

2. Joseph Yennie and Sheila Yennie must serve their initial disclosures no later than **March 1, 2021**;

3. Joseph Yennie and Sheila Yennie must respond to Plaintiff's interrogatories and requests for the production of documents no later than **March 1, 2021**;

4. If Plaintiff wishes to rely on any Requests for Admission—specifically Joseph Yennie' failure to respond to any Requests for Admission—the Requests for Admission must be re-served by **February 16, 2021**, with a plain language notice of the obligations for responding and the consequences of failing to respond. If Requests for Admission are timely re-served, Joseph Yennie will have 30 days after service to serve their response as provided by Federal Rule Civil Procedure 36.

5. Plaintiff's request for an enlargement of time is granted in part and denied in part and the Amended Pretrial Scheduling Order below reflects the limited extensions. Because of the limited extension to complete fact discovery, the dispositive motion deadline and the trial ready deadline are also extended. The parties are advised to carefully review the amended scheduling order below.

## AMENDED PRETRIAL SCHEDULING ORDER

### DEADLINES FOR INITIAL DISCLOSURES AND FACT DISCOVERY

- Defendants must serve their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **March 1, 2021**. If a description by category and location of the documents is offered pursuant to Rule 26(a)(1)(A)(ii), the

      party must also provide a copy of their initial disclosure documents by **March 1, 2021**, to the extent they are in that party's possession and control.

- All responses to written discovery that are subject to the Court's Order on Plaintiff's Motion to Compel must be served no later than **March 1, 2021**.

- If Plaintiff intends to rely on Answers or Responses or the lack of responses to any Requests for Admissions, those requests must be re-served consistent with the Court's Order on Plaintiff's Motion to Compel and any Requests for Admission are re-served, Defendants will have 30 days to respond following service as provided by the Court's Order on Plaintiff's Motion to Compel. Accordingly, the fact discovery deadline is also extended to permit Plaintiff to re-serve any Requests for Admission as provided by the Court's Order on Plaintiff's Motion to Compel.

- Fact deposition notices for Joseph Yennie and Sheila Yennie must be served no later than **February 16, 2021**, and the depositions must be scheduled to be completed by **March 31, 2021**. The parties must meet and confer regarding setting deposition dates. The Court notes that the taking of remote depositions of Defendants may require Plaintiff to file a motion pursuant to Rule 30(b)(4) if a written stipulation of the parties is not timely filed. Accordingly, any motions pursuant to Rule 30(b)(4) must be filed no later than **February 16, 2021**, so that any motion practice can be completed prior to the expiration of the extended discovery deadline. If a motion is filed, the parties are excused from securing a hearing date prior to the filing of a motion to seek an order for remote depositions and any such motion will be decided on the papers.

- The time for responding to written discovery already served is extended to **March 1, 2021**, and the time for taking the depositions of the Defendants is extended to **March 31, 2021**.

## **NON-DISPOSITIVE MOTION DEADLINES**

    All non-dispositive motions must be filed and served by **March 31, 2021**. All non-dispositive motions must be filed as required by Local Rule 7.1.

13

**DISPOSITIVE MOTIONS**

All dispositive motions shall be filed, served, and scheduled on or before **April 30, 2021**. Counsel shall first schedule the hearing <u>at least forty-two days in the future</u> by calling Judge Wright's Courtroom Deputy at 651-848-1640. After the moving party has secured a hearing date, the moving party shall promptly inform all parties of the nature of the motion and the date, time, and location of the hearing. All dispositive motions shall be filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1, <u>except</u> that any reply memorandum or notice stating that no reply will be filed must be filed and served within <u>7 days after</u> the filing of any response. When a motion, response, or reply brief is filed on ECF, two paper courtesy copies of the pleading and all supporting documents shall be mailed to Courtroom Deputy or delivered to the Clerk of Court. Parties are expected to be familiar with and adhere to the Federal Rules, the Local Rules, and any supplementation of those rules outlined in Judge Wright's Practice Pointers and Preferences, available on the District of Minnesota website.

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant to Fed. R. Civ. P. 56 while formal discovery is ongoing without first obtaining permission from the undersigned magistrate judge. Permission shall be sought by electronically filing via ECF a letter of no more than three pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to

the request. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

**FILING DOCUMENTS UNDER SEAL**

If the parties file documents under seal, they must follow the procedures set forth in Local Rule 5.6. This Court notes that the Committee Notes to the Local Rule are instructive. *See* http://www.mnd.uscourts.gov/local_rules/LR-5-6.pdf.

**TRIAL**

If the case is not resolved on dispositive motions, this case will be ready for a bench trial on or about **September 30, 2021**. The anticipated length of trial is 1 day.

Dated: February 10, 2021            *s/ Becky R. Thorson*
                                    BECKY R. THORSON
                                    United States Magistrate Judge