UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Joseph H. Yennie; Sheila A. Yennie; Nick J. Novak; Abraham Algadi; Paul Perry; Grant Friese; Jay Strande; Dean Weis; Jayne Krause; Peoples State Bank of Plainview; and City of Pine Island,<br><br>　　　　　　Defendants. | Case No. 18-cv-3268 (WMW/BRT)<br><br>**ORDER** |

Before the Court is Plaintiff United States of America's unopposed motion for (1) default judgment against Defendants Abraham Algadi, Grant Friese, Jayne Krause, Paul Perry, City of Pine Island, Jay Strande, and Dean Weis, against whom the Clerk of the Court has entered default; and (2) sanctions and default judgment or, in the alternative, sanctions and summary judgment against Defendants Joseph H. Yennie and Sheila A. Yennie. (Dkt. 140.) For the reasons addressed below, the United States's motion is granted as to Defendants Algadi, Friese, Krause, Perry, Pine Island, Strande, and Weis, and denied without prejudice as to Defendants Joseph Yennie and Sheila Yennie.

## BACKGROUND

The United States seeks judgment against Joseph Yennie on unpaid federal income tax assessments and enforcement of federal tax liens associated with Joseph Yennie's outstanding tax liabilities that are attached to real property located in Pine Island,

Minnesota (Property). In its amended complaint, the United States alleges that Joseph Yennie was required, but failed, to file federal income taxes for tax years 2005, 2010 and 2013. The United States further alleges that in tax years 2006, 2007, 2008, 2009, 2011, and 2012, Joseph Yennie reported on his 1040 tax forms that he made $0 in income and owed $0 in taxes, despite having received taxable income in each of those years. The Department of the Treasury assessed Joseph Yennie for federal income taxes, plus interest and penalties, for tax years 2005 through 2013, totaling $207,683. The United States now seeks to reduce these income tax assessments to judgment and to enforce federal tax liens against the Property.

Other parties who may claim an interest in the real property at issue are named as defendants, as required by 26 U.S.C. § 7403(b). These include Defendants Algadi, Friese, Krause, Perry, Pine Island, Strande, and Weis (collectively, Unresponsive Defendants), all of whom have failed to answer or otherwise respond to the United States's complaint. Upon the United States's application, the Clerk of the Court entered default against Unresponsive Defendants on November 27, 2019. Joseph Yennie's wife, Sheila Yennie, is another defendant who is named because she might claim an interest in the Property.

During the course of this litigation, Joseph Yennie and Sheila Yennie (Yennie Defendants) submitted separate, serial motions to dismiss. The Court has denied each motion. On April 7, 2020, the Court issued a pretrial scheduling order requiring the parties to make their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before April 30, 2020, and commence fact discovery in time for it to be completed on or before September 30, 2020. On August 17, 2020, the United States served a first set of requests for admission

(RFAs), interrogatories (ROGs), and requests for production (RFPs) on Joseph Yennie. On August 26, 2020, the United States served a second set of ROGs and RFPs on Joseph Yennie, and a first set of ROGs and RFPs on Sheila Yennie. Neither Joseph Yennie nor Sheila Yennie responded to these discovery requests. The United States then attempted to meet and confer with the Yennie Defendants by mailing them letters on October 5, 2020, reminding the Yennie Defendants to make initial disclosures and respond to the United States's discovery requests. In these letters, the United States extended the Yennie Defendants' response deadline to October 12, 2020, and invited the Yennie Defendants to meet and confer with the United States if they believed they would not be able to meet that deadline. Yennie Defendants never made initial disclosures, responded to discovery requests or contacted the United States to meet and confer.

The United States filed a motion to compel on November 24, 2020. On December 14, 2020, Yennie Defendants each filed separate documents in which they neither substantively responded to the United States's arguments in support of its motion to compel nor addressed their obligations pursuant to Federal Rule of Civil Procedure 26. On February 10, 2021, United States Magistrate Judge Becky R. Thorson granted in part the United States's motion to compel and issued an amended pretrial scheduling order. The amended pretrial scheduling order extended Defendants' deadline to serve initial disclosures, respond to discovery, take depositions, meet and confer, and file non-dispositive and dispositive motions. Yennie Defendants were ordered to serve their initial

disclosures and respond to the United States's discovery requests.[1] Yennie Defendants failed to appear for their March 24, 2021 depositions. The United States also did not receive initial disclosures from Yennie Defendants or discovery responses other than a three-document production that Sheila Yennie provided on February 25, 2021, which comprised copies of Yennie Defendants' divorce decree; a copy of an October 2, 2006 quitclaim deed; and a copy of Minnesota Statutes Section 518.003(b).

The United States and Yennie Defendants provide contradictory accounts of who owns the Property. The United States alleges that Yennie Defendants co-own the Property, with Joseph Yennie and Sheila Yennie each owning 50 percent thereof. Sheila Yennie, however, contends that she owns 100 percent of the Property. According to Sheila Yennie, she gained ownership of 50 percent of the Property during her marriage and obtained ownership of the remaining 50 percent of the Property in 2006 by means of a quitclaim deed following Sheila Yennie's divorce from Joseph Yennie so as to satisfy his child support obligations.

## ANALYSIS

### I.    Default Judgment Against Unresponsive Defendants

The United States seeks an order entering judgment against the Unresponsive Defendants. Securing a default judgment pursuant to Federal Rule of Civil Procedure 55 is a two-step process. First, the party seeking a default judgment must obtain an entry of

---

[1]    The magistrate judge also ordered the United States to re-serve the RFAs "with a plain language notice of the obligations for responding and the consequences of failing to respond." The United States represents that it complied with this order.

default from the Clerk of Court. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise," the Clerk of Court must enter a default. Fed. R. Civ. P. 55(a). Second, after the default has been entered, the party seeking affirmative relief "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Upon default, the factual allegations in the complaint are deemed admitted except those relating to the amount of damages. Fed. R. Civ. P. 8(b)(6); *accord Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). Because there is a "judicial preference for adjudication on the merits," the law generally disfavors default judgments. *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (internal quotation marks omitted). The entry of a default judgment "should be a rare judicial act." *Id.* (internal quotation marks omitted). Although disfavored, a default judgment is "a necessity" in certain circumstances. *Trs. of the St. Paul Elec. Constr. Indus. Fringe Benefit Funds v. Martens Elec. Co.*, 485 F. Supp. 2d 1063, 1064 (D. Minn. 2007). A default judgment "is not unfair" when a defendant who has been properly served with a summons and complaint fails to respond or otherwise appear. *Id.* at 1065 (observing that a properly served defendant can "readily calculate [the] legal exposure" the defendant risks if a default judgment is entered). The decision whether to enter a default judgment rests within the district court's sound discretion. *Belcourt*, 786 F.3d at 661.

Here, the United States sought an entry of default against Unresponsive Defendants on November 20, 2019. These defendants were named as defendants in this lawsuit pursuant to 26 U.S.C. § 7403(b) because they might have claimed an interest in the real

property at issue in this case. The Clerk of the Court entered default judgment as to Unresponsive Defendants on November 27, 2019. The United States's present motion seeks an order entering judgment against Unresponsive Defendants. Because Unresponsive Defendants were properly served and failed to respond to the amended complaint, the entry of default is supported by the record. *See* Fed. R. Civ. P. 55(b)(2); *United States v. Norlem*, No. 07-4799 JRT/FLN, 2009 WL 2998528, at *1 (D. Minn. Aug. 25, 2009), *report and recommendation adopted*, 2009 WL 5943237 (D. Minn. Sept. 15, 2009). The Court, therefore, grants the United States's motion for default judgment as to Unresponsive Defendants.

## II.   Default Judgment as to Yennie Defendants Pursuant to Rule 37(b)(2)

The United States moves the Court to enter default judgment as to Yennie Defendants, pursuant to Federal Rule of Civil Procedure 37, as a sanction for Yennie Defendants' failure to meet their discovery obligations despite having been ordered by the Court to do so.

"If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders," including "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). Entry of default judgment as a sanction should be a "rare judicial act." *Edgar v. Slaughter*, 548 F.2d 770, 773 (8th Cir. 1977). The sanction of default judgment under Rule 37 may be appropriate when a party's "failure to comply [with discovery] has been due to . . . willfulness, bad faith, or any fault of [that party]." *Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 212 (1958). "When the facts

show willfulness and bad faith . . . the district court need not investigate the propriety of a less extreme sanction." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 817–18 (8th Cir. 2001). In such cases, "the selection of a proper sanction . . . is entrusted to the sound discretion of the district court." *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992). But "default judgment is not an appropriate sanction for a marginal failure to comply with time requirements." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (internal quotation marks omitted). Courts have found willfulness and bad faith in cases in which a party has repeatedly engaged in discovery abuses. *See, e.g.*, *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001) (affirming default-judgment sanction when defendants failed to engage in discovery, failed to appear at depositions and hearings, and failed engage counsel for twenty-five months); *Everyday Learning*, 242 F.3d at 818 (affirming default-judgment sanction against a defendant who repeatedly violated a court order by refusing to appear for a deposition, delaying production of documents, evading subpoenas, and seeking untimely discovery); *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993) (affirming default-judgment against defendant for violating multiple court orders by failing to answer discovery requests and appear at depositions).

Here, the United States argues that Yennie Defendants have impeded the progress of the lawsuit at every stage. Yennie Defendants have filed serial motions to dismiss, all of which have been denied. The United States also represents that Yennie Defendants failed to provide initial disclosures, appear at their noticed depositions and fully respond to the United States's discovery requests. Yennie Defendants have defied the magistrate judge's February 2021 order to respond to the United States's discovery requests before

7

the extended deadline for doing so.  Yennie Defendants have neither responded to the United States's present motion for sanctions nor provided an explanation for their failure to fulfill their discovery obligations.  Such defiance represents more than "a marginal failure to comply with time requirements."  *Forsythe*, 255 F.3d at 490 (internal quotation marks omitted).  Yennie Defendants have willfully and in bad faith violated the Federal Rules of Civil Procedure and this Court's orders.  Yennie Defendants' conduct warrants a default-judgment sanction.

Because the Court cannot presently grant the relief the United States requests for the reasons detailed in the following section, however, the Court denies without prejudice the United States's motion for default judgment against Yennie Defendants pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vi).

### III.    Sale of the Property

The United States asks the Court to enforce the federal tax liens and order the sale of the Property.  The parties, however, dispute whether the property is co-owned by Yennie Defendants or is wholly owned by Sheila Yennie.

The Internal Revenue Code authorizes the United States to file a civil lawsuit to enforce its liens and recover payment of any unpaid tax liability.  26 U.S.C. § 7403(a).  In addition, "in all cases where a claim or interest of the United States therein is established," a district court "may decree a sale of such property . . . and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States."  26 U.S.C. § 7403(c).  A district court "may exercise a degree of equitable discretion in § 7403 proceedings" by considering "both the Government's interest

in prompt and certain collection of delinquent taxes and the possibility that innocent third parties will be unduly harmed by that effort." *United States v. Rodgers*, 461 U.S. 677, 709 (1983). Section 7403 grants courts the power to order the sale of a house co-owned by a delinquent taxpayer and their non-delinquent spouse, subject to a court's equitable discretion. *Id.* at 680. The parties have identified no legal authority, however, authorizing a court to order the sale of a house solely owned by the non-delinquent spouse of a delinquent taxpayer.

Here, the United States alleges that Yennie Defendants co-own the Property. Sheila Yennie, however, contends that she owns 100 percent of the Property. Sheila Yennie maintains that she assumed ownership of 50 percent of the Property during her marriage to Joseph Yennie and subsequently gained ownership of the remaining 50 percent of the Property in 2006 by means of a quitclaim deed following Sheila Yennie's divorce from Joseph Yennie as a means of satisfying Joseph Yennie's child-support obligations. The United States has filed with the Court a 2006 quitclaim deed, but has not established that Sheila Yennie did not already own 50 percent of the Property when the deed was executed, which would have resulted in Sheila Yennie owning 100 percent of the Property.[2] The United States has not cited, and the Court is not aware of, any legal authority that entitles the United States to satisfy the debt of a delinquent taxpayer through the sale of an asset wholly owned by their nondelinquent spouse. Accordingly, the Court denies without

---

[2]  The United States and Yennie Defendants may, at their discretion, submit additional proof as to what share of the Property is owned by Sheila Yennie.

9

prejudice the United States's request to enter default or summary judgment against Yennie Defendants and to order the sale of the Property.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff United States of America's motion, (Dkt. 140), is **GRANTED IN PART** as to the request to enter default judgment against Defendants Abraham Algadi, Grant Friese, Jayne Krause, Paul Perry, City of Pine Island, Jay Strande, and Dean Weis.

2. Plaintiff United States of America's motion, (Dkt. 140), is **DENIED IN PART WITHOUT PREJUDICE** as to the request to enter default judgment against Yennie Defendants and order the sale of the Property.

Dated: February 15, 2022

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge